## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| INEZ LUJAN PEREZ SANTOS, | ) Case No. DM0266-17 |
| Plaintiff, | ) |
| | ) DECISION AND ORDER |
| vs. | ) |
| KEITH BRANDON CRUZ SANTOS, | ) |
| Defendant. | ) |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on March 12, 2018 for a motion hearing concerning Plaintiff Inez Lujan Perez Santos's ("Plaintiff") Motion for Default Judgment. Attorney Joaquin C. Arriola, Jr. represents Plaintiff. Defendant Keith Brandon Cruz Santos ("Defendant") is *pro se*, however, he was not present at the motion hearing. Having duly considered the Plaintiff's arguments and the applicable law, the Court now issues its Decision and Order and GRANTS IN PART the Motion for Default Judgment.

### BACKGROUND

Plaintiff and Defendant (collectively the "Parties") were married on July 5, 2013 in this jurisdiction. The Parties share one minor child – A.P.S. – born on August 19, 2014.

**ORIGINAL**

On May 10, 2017, Plaintiff filed a Complaint for Divorce, Child Custody and Support ("Complaint") therein requesting, *inter alia*, for a divorce on grounds of irreconcilable differences and for primary physical custody of the minor child.[1] (Compl., May 10, 2017.)

Upon proper service of the Summons and Complaint, Defendant failed to file an answer or otherwise defend against the Complaint within the twenty (20) days allowed under the Guam Rules of Civil Procedure. Thereafter, Plaintiff filed an application for entry of default, which was subsequently granted and entered by the Clerk of Court on October 12, 2017. (Entry of Default, Oct. 12, 2017.)

On October 31, 2017, Defendant filed his Answer to Plaintiff's Complaint for Divorce, Child Custody and Support ("Answer") agreeing therein to the divorce on the same grounds asserted by Plaintiff but requesting that the parties share joint legal custody with Defendant having physical custody of the minor child during summer breaks. (Answer, Oct. 31, 2017.)

On January 22, 2018, Plaintiff filed a Motion for Default Judgment. Defendant did not file an opposition to the motion. On March 12, 2018, the Court heard oral argument on the motion and subsequently took the matter under advisement.

## DISCUSSION

### I. Adjudication of the Marital Status of the Parties

The Court has jurisdiction to adjudicate the marital status of the parties pursuant to Section 8318(a) of Title 19 of the Guam Code Annotated, which states as follows:

> A divorce or dissolution of marriage may be granted if one (1) of the parties has been a resident of Guam for at least ninety (90) days immediately preceding the filing of a complaint for divorce, or dissolution of marriage. . . . Physical presence by one of the parties in Guam for a period of ninety (90) days prior to filing of the

---

[1] The Complaint indicates that the Parties do not share community assets or debts. (Compl. at ¶ 7, May 10, 2017.)

action for divorce or dissolution of marriage shall give rise to a conclusive presumption of compliance with this Section.

19 G.C.A. § 8318(a).

According to the Guam Supreme Court ("Supreme Court"), "[i]f the statutory requirements for granting dissolution of the marriage are satisfied, the Court does not have discretion on whether or not to grant the dissolution of the marital relationship" considering that it has jurisdiction. <u>Speicher v. Speicher</u>, 2013 Guam 11 ¶ 20. This is due to the concept of divisible divorce, which provides generally that "financial responsibility and marital status may be separately litigated at different times and in different forums." <u>Speicher</u>, 2013 Guam 11 ¶ 17. (*citing* <u>In re Marriage of Gray</u>, 251 Cal. Rptr. 846, 850 (Ct. App. 1988). "The Full Faith and Credit Clause compels recognition of the divorce decree as an adjudication of marital status only, without affecting or prejudicing any property rights that may be incident to that status." <u>Id.</u>

Here, it is clear that Plaintiff has met the statutory requirements for dissolution of marriage as she is a resident of Guam and has lived in this jurisdiction for more than ninety (90) days preceding the Complaint. Moreover, Defendant does not contest the divorce and agrees in his Answer that "a divorce be granted between the parties" on the same grounds asserted by Plaintiff. (Answer at 1-2, Oct. 31, 2017.) Defendant also has not sought to vacate the Entry of Default or to challenge the request to dissolve the marriage as articulated in the Motion for Default Judgment. As there is no dispute regarding the divorce, the Court will grant Plaintiff's motion with regards to the divorce. <u>See</u> 19 G.C.A. § 8320 ("In the event of . . . default divorce actions, the Court may grant a divorce based upon the verified complaint of the Plaintiff. . ."). The Court further grants Plaintiff's request that she be restored to her maiden name.

## II. Child Custody and Support

Plaintiff also requests that the Parties be granted joint legal custody and that she be granted primary physical custody in the default judgment, with Defendant having reasonable visitation. The Court, however, is hesitant to grant such a request considering the general rule that custody determinations are guided by the standards and principles articulated in 19 G.C.A. § 8404. Accordingly, this Court will not award custody of the minor child under the present circumstances without proper consideration of the best interests of the child and other relevant factors. See 19 G.C.A. § 8404(a) ("Custody should be awarded to either parent according to the best interest of the child."); Lanser v. Lanser, 2003 Guam 14 ¶¶ 8, 16; See Howerton v. Howerton, 2004 Guam 8 ¶¶ 24-25; David A.A. v. Maryann A., 837 N.Y.S.2d 479, 480 (2007) ("[u]nless there is sufficient evidence before the court to enable it to undertake a comprehensive independent review of the child's best interests. . . a determination of a custody matter should only be made after a full evidentiary hearing").

Furthermore, Defendant filed an Answer to the Complaint requesting for custody of the Parties' minor child during summer breaks. Although Defendant's Answer was untimely and filed after the entry of default, the Court will allow him the opportunity to litigate the issue of child custody and support considering that he is appearing *pro se* and does not currently reside in this jurisdiction.[2] McGhee v. McGhee, 2008 Guam 17 ¶ 11 ("Guam case law, however, has recognized that deference should be given toward a *pro se* party's litigation efforts."). See Caspino v. Caspino, DCA Civ. No. 87-00065A, 1988 WL 242619, at *2 (D. Guam App. Div. June 7, 1988) ("*Pro se* litigants must be afforded 'every fair opportunity to present their case

---

[2] Defendant filed his Answer and was served the Complaint and Summons from the State of Alaska.

[s].' ") (*quoting* <u>Ray v. Proxmire</u>, 581 F.2d 998, 1003 (D.C.Cir.1978); <u>McNeil v. Pub. Defender Serv. Corp.</u>, Civ. No. 90-00044A, 1990 WL 320362 (D. Guam App. Div.1990).

### CONCLUSION AND ORDER

For the reasons set forth above, the Court GRANTS IN PART Plaintiff's Motion for Default Judgment such that the Parties' marriage shall be dissolved on grounds of irreconcilable differences. Plaintiff shall submit revised interlocutory and final decrees of divorce consistent with this decision for the Court's consideration within twenty (20) days of this order. Issues pertaining to child custody and support are preserved for determination upon further notice in later proceedings. The Court also declines to award any attorney's fees or costs at this time.

The Court FURTHER ORDERS that a custody study be completed by the Department of Public Health and Social Services concerning the minor child. A status hearing is scheduled for August 27, 2018 at 2:00 p.m.

**IT IS SO ORDERED** on this 23rd day of May, 2018.



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

**Received for Service**

_____ **M**

_____ 20 ____

_____
**Marshal Superior Court of Guam**

Page 5 of 5

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:

_G. Arriola_

Date 5/24/18  Time: 3:20 pm

Jecimie K.C. James
Deputy Clerk, Superior Court of Guam